PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TYRONE WOODS, | ) | |
| | ) | CASE NO.  5:25CV2730 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| SUMMIT COUNTY SHERIFF'S | ) | |
| OFFICE, *et al.*, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | [Resolving ECF Nos. 2 and 3] |

*Pro Se* Plaintiff Tyrone Woods aka Terry Woodson, currently a Pennsylvania prisoner

incarcerated in SCI Benner Township, has filed a Complaint ECF No. 1 in the above-entitled

action pursuant to 42 U.S.C. § 1983 against 29 Defendants.  He has also filed Motions to Proceed

*In Forma Pauperis* (ECF No. 2) and for Appointment of Counsel (ECF No. 3).  For the

following reasons, the Court dismisses his complaint without prejudice pursuant to 28 U.S.C. §§

1915(e)(2)(B) and 1915A.

## I.  Background

In the Complaint, Plaintiff states he seeks to redress violations of his rights under the

"1st, 5th, and 8th Amendments, that led to cruel and unusual punishment due to substantial risk

of harm and mistreatment, [and] that also denied him Due Process[,] which is his 14th

Amendment right."  ECF No. 1 at PageID #: 18, ¶ 3.  He seeks damages and injunctive relief.

*See* ECF No. 1 at PageID #: 14-15, § IV.

(5:25CV2730)

The Court is able to discern from Plaintiff's affirmative pleading that his claims derive from a host of events and conditions he contends occurred or existed at the Summit County, Ohio Jail while he was incarcerated there, beginning in 2021.  He complains about the handling of his legal mail and materials, disciplinary actions taken against him and his confinement in disciplinary segregation, being housed with inmates who assaulted him, his living conditions (including the water in his cell, prison food, and his medical treatment), and responses he received to numerous grievances he filed.  Plaintiff also generally contends Defendants failed to follow policies, procedures, and practices prescribed for prisons in Ohio.  And he contends his alleged mistreatment and the mishandling of his legal mail and materials caused him to plead "no contest" in his criminal case.  *See* ECF No. 1 at PageID #: 73-74, ¶¶ 173-74; *see also State v. Woods*, No. CR-2021-04-1496 (Summit Cnty. Ct. Common Pleas filed April 20, 2021).

Plaintiff's 79-page handwritten, single-spaced Complaint (ECF No. 1), along with over 400 pages of attached exhibits he filed with it (ECF Nos. 1-5 through 1-8), however, are unwieldy and impossible to parse to ascertain what specific claims he seeks to assert against *each* of the various 29 Defendants, and his specific factual basis for *each* such claim.[1]

## II.  Legal Standard and Discussion

District courts are expressly required under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to screen all *in forma pauperis* complaints filed in federal court and all complaints in which a prisoner seeks redress from an officer or employee of a governmental entity, and to dismiss

---

[1]  Pleadings like this led the Court to adopt in April 2026 new Local Civil Rule 3.16 entitled "Formatting and Page Limitations for Filings by Unrepresented Parties or Prisoners."

2

(5:25CV2730)

before service any such complaint that the court determines is frivolous or malicious, fails to state a claim upon which relief can be granted or seeks relief from a defendant who is immune from such relief.  *See Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010).

A complaint fails to state a claim when it lacks "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 470-71 (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), for determining a motion to dismiss under Fed. R. Civ. P. 12(b)(6) governs dismissals for failure to state a claim under § 1915(e)(2)(B)).  Although *pro se* complaints are entitled to liberal construction and generally held to more lenient standards than formal pleadings drafted by lawyers, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982), "the lenient treatment generally accorded to pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).  *Pro se* plaintiffs must still meet basic pleading requirements, and courts are not required to "conjure allegations" or construct claims on their behalf. *Erwin v. Edwards*, 22 Fed.Appx. 579, 580 (6th Cir. 2001) (order); *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004).

Upon review, the Court finds that the Complaint (ECF No. 1) warrants dismissal in accordance with 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

Under the Federal Rules of Civil Procedure, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).  In addition, the complaint's allegations must be sufficient to "give the defendant fair notice of what the

(5:25CV2730)

plaintiff's claim [against her] is and the grounds upon which it rests." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002).

The Complaint (ECF No. 1), a 79-page handwritten single-spaced document, along with over 400 pages of attached exhibits (ECF Nos. 1-5 through 1-8), does not set forth "a short and plain statement" of his claims.  Instead, his pleading is unwieldy and convoluted, and it is impossible for the Court (or Defendants) to parse through the Complaint (ECF No. 1) and exhibits  (ECF Nos. 1-5 through 1-8) to ascertain specific allegations of wrongful conduct and legal claims against each of the 29 Defendants.  Plaintiff's *pro se* status does not relieve him of the requirement of complying with federal pleading rules.  *See Erwin*, 22 Fed.Appx. at 580.

As a result, the Court finds the Complaint (ECF No. 1) warrants dismissal for violation of federal pleading requirements.  *See, e.g.*, *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058-59 (9th Cir. 2011) (holding that district courts act within their discretion in dismissing complaints under Rule 8(a) that are "needlessly long," "highly repetitious," "confused," or consist of "incomprehensible rambling," and stating that "[o]ur district courts are busy enough without having to penetrate a tome approaching the magnitude of *War and Peace* to discern a plaintiff's claims and allegations") (quoting 5 Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1217 (3d ed. 2010)); *Flayter v. Wisconsin Dep't of Corr.*, 16 Fed. Appx. 507, 508-509 (7th Cir. 2001) (order) (stating that district court could have dismissed a 116-page complaint for failure to comply with Rule 8(a)(2) wherein the complaint set forth "in tedious and difficult-to-follow detail" every request for medical attention while in custody and contained allegations "relating to numerous different incidents and defendants").

(5:25CV2730)

Furthermore, although prisoners are permitted to assert multiple claims against multiple parties in a lawsuit, Fed. R. Civ. P. 20(a) limits when multiple defendants may be joined in one action.  A civil plaintiff may join multiple defendants in a single action only if the plaintiff asserts a claim to relief against each of them that arises out of the same transaction or occurrence or series of transactions or occurrences, and presents a question of law or fact common to all defendants.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).  As the Seventh Circuit has explained:  "Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that [a multi]-claim, [multi]-defendant suit produce[s]" but also because the Prison Litigation Reform Act ("PLRA") "limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees."  *Id.* (brackets added).  Thus, allowing a prisoner to proceed with unrelated claims against multiple defendants in a single action would allow him to circumvent the fee requirements of the PLRA.  *See id.*; *see also Shephard v. Edwards*, No. C2-01-563, 2001 WL 1681145, at *1 (S.D. Ohio Aug. 30, 2001) (declining to consolidate prisoner's unrelated various actions so as to allow him to pay one filing fee because it "would improperly circumvent the express language and clear intent of the 'three strikes' provision"of the PLRA).

Here, it appears Plaintiff is seeking to assert unrelated claims against multiple defendants in one *in forma pauperis* proceeding in contravention of the requirements of the PLRA. He cannot do so.  *See George, supra*.

(5:25CV2730)

### III. Conclusion

For the foregoing reasons, Plaintiff's  Motion to Proceed *In Forma Pauperis* (ECF No. 2) is granted, and the Complaint (ECF No. 1) is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A without prejudice to re-filing a complaint in a new case complying with the Federal Rules of Civil Procedure and Local Civil Rule 3.16.  Plaintiff's Motion for Appointment of Counsel (ECF No. 3) is denied.[2]  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

The Clerk of Court is directed to issue a copy of this Memorandum of Opinion and Order by regular mail to Tyrone Woods aka Terry Woodson, DE3709, SCI Benner Township, 301 Institution Drive, Bellefonte, PA 16823; and Smart Communications/PADOC, Terry Woodson/DE3709, SCI Benner Township, PO Box 33028, St Petersburg, FL 33733.


        IT IS SO ORDERED.


    June 30, 2026                              /s/ Benita Y. Pearson
Date                                          Benita Y. Pearson
                                              United States District Judge

---

[2] The appointment of counsel in a civil case is not a constitutional right, but is a privilege granted only in exceptional circumstances, and appointment of counsel is "inappropriate when a plaintiff's claims have only a slim chance of success." *Brown v. Kordis*, 46 Fed.Appx. 315, 317 (6th Cir. 2002) (order).  The Court does not find that exceptional circumstance exist and finds that Plaintiff's claims fall within the category of having only a slim chance of success.

6